FILED
TARRANT COUNTY
1/18/2016 2:53:45 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 236-283305-16

| | | |
|---|---|---|
| JANA CRAUS and ALBERT CRAUS | § § | IN THE DISTRICT COURT |
| VS. | § § § | ___ JUDICIAL DISTRICT |
| ALLSTATE TEXAS LLOYD'S | § § | TARRANT COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION WITH DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Albert and Jana Craus (hereinafter referred to as "Plaintiffs") complaining of Defendant ALLSTATE TEXAS LLOYD'S (hereinafter referred to as "Defendants") and hereby respectfully show unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

1.1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

2.1. Plaintiffs, Albert and Jana Craus are individuals and residents of Tarrant County, Texas.

2.2. Defendant, ALLSTATE TEXAS LLOYD'S ("ALLSTATE"), is a domestic insurance company operating in the State of Texas procuring and adjusting policies in Texas. ALLSTATE TEXAS LLOYD'S can be served through its registered agent at the following address: CT Corporation System / 1999 Bryan St. Ste. 900 / Dallas, TX 75201-3136.

### III. JURISDICTION AND VENUE

3.1. This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

PLAINTIFFS' ORIGINAL PETITION WITH DISCOVERY ATTACHED – Page 1
Doc. #196923

EXHIBIT B-1

3.2. Venue is mandatory and proper in Tarrant County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code § 15.002) and the insured property that is the basis of this lawsuit is located in Tarrant County, Texas.

## IV. CONDITIONS PRECEDENT

4.1. All conditions precedent to recovery have been performed, waived, or have occurred.

## V. FACTS

5.1. Plaintiffs are the owners of Insurance Policy No. 229 289 600 issued by the Defendant ALLSTATE (hereinafter referred to as the "Policy").

5.2. Plaintiffs own the insured property which is specifically located at 1033 Brownstone, Grapevine, Texas 76051-6995. (hereinafter referred to as the "Property").

5.3. Defendant ALLSTATE or its agents sold the Policy, insuring the Property, to Plaintiffs.

5.4. On or about May 8, 2015, a wind and hail storm struck Grapevine, Texas causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property.

5.5. Plaintiffs submitted a claim to Defendant ALLSTATE against the Policy for roof, other exterior damage, and resulting interior water damage the Property sustained as a result of a wind and hail storm. Consistent with the Policy's Duties After Loss, Plaintiffs gave notice to ALLSTATE, made the property available for inspection by ALLSTATE's adjusters, and all complied with all other Policy conditions.

5.6. Plaintiffs asked that ALLSTATE cover the cost of repairs to the Property pursuant to the Policy and any other available coverage under the Policy.

5.7. Defendant assigned Claim Number 0394840425 to Plaintiffs' claim.

5.8. Defendant hired and/or assigned an adjuster, Ryan Flowers ("Flowers"), to investigate, evaluate, and adjust the claim.

5.9. Through negligence and/or pressure exerted on him by ALLSTATE to keep loss payments low by denying valid claims, Adjuster Flowers failed to properly adjust the claims, underestimated and under-scoped the value of Plaintiffs' claim and as a result, Defendant ALLSTATE denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

5.10. The remaining balance of Plaintiffs' claims and the funds needed to perform the necessary repairs to Plaintiffs' roof remain unpaid and as a result, Plaintiffs have not been able to properly repair the Property.

5.11. Further, because of Defendant's delays and underpayment, Plaintiffs have been subjected to the expenses, frustrations, and further delay of litigation in order to recover the proper amount owed under the Policy for this claim.

## VI. CAUSES OF ACTION

**Cause of Action for Breach of Contract.**

6.1. Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

6.2. Plaintiffs purchased an Insurance Policy, underwritten by Defendant ALLSTATE, a written agreement in which Defendant has the duty to investigate and pay Plaintiffs Policy benefits for covered damages, including losses resulting from a wind and hail storm.

6.3. The conditions precedent to Plaintiffs' recovery have been met in the following manners, including but not limited to: Plaintiffs' paying of Policy premiums, a wind and hail storm striking Plaintiffs' house on or about May 8, 2015, Plaintiffs timely reporting of the loss, and Plaintiffs compliance with the Policy's applicable duties after loss.

6.4. However, Defendant ALLSTATE has failed to fulfill its contractual obligations, through the underpayment for covered damages, as reflected by the estimates provided to Defendant by Plaintiffs.

6.5. As a result of this breach of contract, Plaintiffs have suffered the damages alleged in this petition, including the inability to properly repair the property, further damaged caused by Defendant's breach and delay, and the time and expenses of litigation.

**Cause of Action for Violations of Texas Insurance Code § 541.060. Unfair Settlement Practices.**

6.6. Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

6.7. Defendant ALLSTATE has failed to attempt to effectuate a good faith settlement by failing to adequately compensate Plaintiffs' for covered damage to the Property.

6.8. Defendant ALLSTATE is in the business of insurance, as demonstrated by the fact that they prepared and underwrote Plaintiffs' Policy, accepted Policy premiums, and assigned adjusters to inspect and evaluate the claim on their behalf.

6.9. Liability had become reasonably clear once Plaintiffs submitted the loss to Defendant, obtained an expert opinion from a roofer estimating the cause and extent of damage, and complied with the Policy's applicable duties after loss.

6.10. In underpaying Plaintiffs' claim, ALLSTATE further failed to promptly provide Plaintiffs with a reasonable explanation of its basis in the Policy, in relation to the facts and applicable law, for the inadequate settlement.

6.11. As a result of Defendants' violations of § 541.060 of the Texas Insurance Code, Plaintiffs have suffered the damages alleged in this petition.

**Cause of Action for Violations of Texas Insurance Code § 541.061. Misrepresentation of Insurance Policy.**

6.12. Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

6.13. Defendant ALLSTATE is in the business of insurance, as demonstrated by the fact that they prepared and underwrote Plaintiffs' Policy, accepted Policy premiums, and assigned an adjuster to inspect and evaluate the claim on their behalf.

6.14. ALLSTATE, through the actions of its adjusters and others assigned to the claim by ALLSTATE, misrepresented the extent, timing, amount, and cause of loss for at least a portion of Plaintiffs' covered damages.

6.15. Specifically, Defendant ALLSTATE, by and through the conduct of its adjuster Flowers, misrepresented the cause of leaks to the interior of Plaintiffs' home and extent of damage to Plaintiffs' gutters.

6.16. Flowers, acting on behalf of his employer ALLSTATE further misrepresented to Plaintiff the cause of damage to Plaintiff's roof tiles. Flowers misrepresented to Plaintiff's that most or all of the acknowledged damage to the roof tiles was due to poor circulation, despite the fact that Plaintiff provided Flowers with the professional opinion of a roofing contractor who attributed the damage to hail. Flowers refused to correct his misrepresentation despite the existence of a severe wind and hail storm on Plaintiffs' reported date of loss.

**Cause of Action for Violations of the Deceptive Trade Practices—Consumer Protection Act ("DTPA").**

6.17. Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

6.18. Plaintiffs are consumers of goods and services provided by Defendant pursuant to the DTPA by virtue of purchasing the Policy from Defendant ALLSTATE and paying Policy premiums.

6.19. ALLSTATE is in the business of insurance, as demonstrated by the fact that they prepared and underwrote Plaintiffs' Policy, accepted Policy premiums, and hired or assigned adjusters and other representatives to evaluate and assess Plaintiffs' claim.

6.20. Through the acts, omissions, and failures described in this petition, Defendant ALLSTATE's violations of the Texas Insurance Code also constitute unconscionable conduct as defined by the DTPA.

6.21. In this respect, Defendants' failures include, without limitation: (1) ALLSTATE's unreasonable delays in the adjustment of the claim; (2) ALLSTATE's failure to give Plaintiffs the benefit of the doubt regarding cause and extent of damage, despite Plaintiffs' compliance with policy terms and providing a professional opinion; (3) Flowers' misrepresentation of damage to the roof tiles; and (4) the failure of Defendant to adjust, evaluate, and pay the proper replacement cost for Plaintiffs' covered property damage.

6.22. Further, ALLSTATE represented to Plaintiffs' that ALLSTATE's Policy, as well as Defendant's adjusting skills and services had characteristics or benefits which they did not have. Specifically, these representations include that ALLSTATE would conduct a fair and competent estimate, consistent with Policy terms, and would promptly pay covered damages.

6.23. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages described in this petition. These acts, omissions, and failures, were done "knowingly" and "intentionally" as described by the DTPA.

**Cause of Action for Breach of Duty of Good Faith and Fair Dealing.**

6.24. Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

6.25. By its acts, omissions, failures, and conduct, Defendant ALLSTATE has breached the common law duty of good faith and fair dealing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this underpayment.

6.26. Defendant knew or should have known that liability was reasonably clear once Plaintiffs reported the loss, provided the opinion of a roofing professional, and complied with Plaintiffs' duties after loss under the Policy.

6.27. However, Defendant ALLSTATE unreasonably delayed payment of Plaintiffs' entire claim, and accordingly Defendant has failed to pay Plaintiff an adequate amount to repair the damaged property.

6.28. Defendant's breach of the duty of good faith and fair dealing owed to Plaintiff was done intentionally and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code.

6.29. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages alleged in this petition.

**Cause of Action for Fraud.**

6.30. Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

6.31. Defendant ALLSTATE is liable to Plaintiff for common law fraud.

6.32. During his December 18, 2015 inspection of Plaintiff's Property, adjuster Ryan Flowers, an employee of ALLSTATE acting in the course and scope of his employee with ALLSTATE stated to Plaintiff ALBERT CRAUS that most — if not all — of the confirmed damage on Plaintiffs' roof was due to poor circulation issues, rather than hail from the May 8, 2015 hail storm.

6.33. This statement is a misrepresentation because Plaintiffs do not have circulation and ventilation issues in their roof as described by Plaintiff. The statement is false because it contradicts the physical damage to the roof, which is consistent with impacts from hailstones. It is a misrepresentation because it contradicts the forensic meteorological evidence depicting wind and hail. It is a misrepresentation because it contradicts the opinion of a roofing professional who investigated Plaintiff's Property and confirmed the presence of hail damage.

6.34. Ryan Flowers knew the representation was false or made the misrepresentation recklessly, without any knowledge of its truth. Ryan Flowers did not provide Plaintiffs the underwriting inspection which may have provided additional information regarding the claim that the damage did not exist before the hail storm and before the inception of the Policy period.

6.35. Ryan Flowers, an employee and representative of ALLSTATE made the misrepresentation in order to delay or deny Plaintiffs'. By misrepresenting the cause and extent of Plaintiffs' Property damage, Flowers was able to conjure an estimate below Plaintiffs' deductible and accordingly deny payment to Plaintiffs for their covered claim.

6.36. Plaintiffs, due to their lack of knowledge regarding the adjustment process, as well as their distinctly unequal bargaining position, reasonably relied upon this misrepresentation, and the reliance contributed to Defendant ALLSTATE's underpayment and impermissible delay.

6.37. As a result, Plaintiffs did not receive compensation for their estimate because Flowers and ALLSTATE falsely asserted that the damages fell below the Policy deductible. Plaintiffs have been underpaid based on the misrepresentations by ALLSTATE and Flowers and have been further injured due to the time and resource expenditures of this litigation necessary to pursue the contractually owed benefits under the Policy for Plaintiffs' covered damages.

## VII. WAIVER AND ESTOPPEL

7.1. Defendant ALLSTATE has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VIII. DAMAGES

8.1. The above-described acts, omissions, failures and conduct of Defendant have caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred in the claim.

8.2. Plaintiffs are also entitled to recover consequential damages from Defendant ALLSTATE's breach of contract.

8.3. Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest.

8.4. Plaintiffs are entitled to recover attorney fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA. Therefore, Plaintiff seeks to recover exemplary damages in an amount to be determined by the finder of fact and sufficient to punish Defendant ALLSTATE and others for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

236-283305-16

## IX. STATEMENT OF RELIEF AND DAMAGES OVER $100,000

9.1   In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs state the following: Plaintiffs seek monetary relief of over $100,000 but not more than $200,000.

## X. JURY DEMAND

10.1.   Plaintiffs assert Plaintiffs' right to a trial by jury and make this demand for a jury trial at least 30 days before the date this case is set for trial. Plaintiffs tender the fee of $30.00.

## XI. PRAYER

11.1.   WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial hereof, that Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief to which Plaintiffs may show themselves to be justly entitled to receive.

236-283305-16

Respectfully submitted,

**CARNAHAN THOMAS**

By: *[signature: Michael Carnahan]*

**Michael S. Carnahan**
TBN 03825700
mcarnahan@carnahanthomas.com

**Grant P. Boston**
TBN 24081984
gboston@carnahanthomas.com

1190 North Carroll Avenue
Southlake, Texas 76092
(817) 424-1001
(817) 424-1003 (Fax)

ATTORNEYS FOR PLAINTIFF